IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | |
| LEWIS LUCAS, | * | CRIMINAL NO.  RDB 09-cr-0560 |
| | * | |
| Defendant | * | |
| | * | |

*******

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

The United States of America, by and through its counsel, Rod J. Rosenstein, United States Attorney for the District of Maryland, and Clinton J. Fuchs, Assistant United States Attorney for said district, respectfully submits this Opposition to Defendant's Motion to Suppress Evidence, and in support, submits the following:

**I.  Background**

On or about July 6, 2009, Officers Fabien Laronde and Patrick Hunter of the Baltimore Police Department were patrolling in the 2700 block of Wilkins Avenue in Baltimore City[1] when they saw an individual, later identified as the Defendant, Lewis Lucas, who matched the physical description of an individual wanted for questioning.  When Officer Hunter approached Mr. Lucas in an attempt to speak with him, Mr. Lucas fled, clutching his waistband area as he ran. Officer Hunter pursued the Defendant on foot and saw the Defendant discard what appeared to be a handgun as he ran.  Officer Hunter apprehended the Defendant a short time later and Officer

---

[1] Officers Laronde and Hunter knew the 2700 block of Wilkins Avenue to be a high crime area of Baltimore City.

1

Laronde recovered, from the area in which the Defendant had thrown the suspected handgun, a Taurus, Model 94, .22 caliber revolver, serial number TB12626, loaded with nine (9) rounds of ammunition.

## II.  Argument

The Defendant has moved to suppress the evidence recovered pursuant to his arrest, arguing that the police officers lacked probable cause to effect that arrest.  Insofar as the Taurus revolver was the only evidence recovered in connection with Mr. Lucas's arrest, the issue at hand  is whether the recovery of the revolver was lawful.  For the following reasons, Defendant's motion should be denied.

**A.  The Defendant Lacks Standing to Challenge the Seizure of the Pistol**

The law is well established that "a person who voluntarily abandons property loses any reasonable expectation of privacy in the property and is consequently precluded from seeking to suppress evidence seized from the property." *United States v. Leshuk*, 65 F.3d 1105, 1111 (4th Cir. 1995); *see also Abel v. United States,* 362 U.S. 217, 241 (1960); *United States v. Stevenson,* 396 F.3d 538, 546-547 (4th Cir. 2005).  As the Fourth Circuit held in *Stevenson*, the proper test for abandonment is "not whether all formal property rights have been relinquished, but whether the complaining party retains a reasonable expectation of privacy in the property alleged to be abandoned."  396 F.3d at 546 (quoting *United States v. Haynie*, 637 F.2d 227, 237 (4th Cir.1980)).

Here, Mr. Lucas discarded the revolver as he fled from the police.  As Mr. Lucas could not reasonably retain any expectation of privacy in property discarded in a public street, the revolver was clearly abandoned prior to its seizure.  Accordingly, Mr. Lucas lacks standing to

challenge that seizure.

### B.  The Police Officers Had Probable Cause to Arrest Mr. Lucas

Even assuming, *arguendo*, that Mr. Lucas has standing to challenge the seizure of the revolver, the arresting officers had probable cause to effect Mr. Lucas's arrest and, therefore, any evidence seized pursuant to that arrest is admissible.

As the Supreme Court held in *California v. Hodari D.,* a person who flees from the police is not "seized" for Fourth Amendment purposes until he is apprehended or submits to the police officer's assertion of authority.  *Hodari*, 499 U.S. 621, 626 (1991).  Given Mr. Lucas's flight from the police, Mr. Lucas was not "seized" until he was tackled by Officer Hunter.  Importantly, as noted above, Officer Hunter saw Mr. Lucas discard the revolver *before* Mr. Lucas was apprehended.

It is well established that a warrantless arrest is permitted where there is probable cause to believe a felony has been committed by the arrested person based on "the totality of the circumstances."  *Illinois v. Gates*, 462 U.S. 213, 230-231 (1983).  Police officers may also effect a warrantless arrest of an individual in a public place for a misdemeanor if it is committed in the officer's presence and if the arrest is supported by probable cause.  *Maryland v. Pringle*, 540 U.S. 366 (2003); *United States v. McNeill*, 484 F.3d 301 (4th Cir. 2007).  Probable cause exists where, "at the time the arrest occurs, the facts and circumstances within the officer's knowledge would warrant the belief of a prudent person that the arrestee had committed or was committing an offense."  *United States v. Manbeck*, 744 F.2d 360, 376 (4th Cir. 1984).

Here, Officers Hunter and Laronde encountered Mr. Lucas late at night, in a high crime area of Baltimore City.  Upon seeing Officer Hunter approach, Mr. Lucas fled, holding his

waistband as he ran (behavior consistent, in the officers' experience, with that of an armed person).[2]  After leading Officer Hunter on a short foot chase, Mr. Lucas discarded what appeared to be a handgun just moments before he was apprehended.  Given the totality of circumstances, therefore, probable cause that a crime had been committed was clearly present.  Accordingly, the arrest of Mr. Lucas was lawful and any evidence seized pursuant to that arrest should be admitted.

### III.  Conclusion

Therefore, given Mr. Lucas's lack of standing and that probable cause supported his arrest, Mr. Lucas's motion to suppress the evidence seized pursuant to his arrest should be denied.

                    Respectfully submitted,

                    Rod J. Rosenstein
                    United States Attorney

                    By: _____/s/_____
                    Clinton J. Fuchs
                    Assistant United States Attorney
                    36 South Charles Street
                    Fourth Floor
                    Baltimore, Maryland 21201
                    (410) 209-4800

---

[2]  The Government notes that although Mr. Lucas's presence in a high-crime neighborhood and flight from the police is not necessarily dispositive of whether there was probable cause to arrest him, both are relevant factors in that determination.  *United States v. Humphries*, 372 F.3d 653 (4th Cir. 2004).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 25, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of such filing to the following registered CM/ECF users:

> Katherine Newberger, Esq.
> Assistant Federal Public Defender
> 100 South Charles Street
> Tower II, Suite 1100
> Baltimore, Maryland 21201